**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
*www.flmb.uscourts.gov*

| | |
|---|---|
| In re: | Case No. 6:26-bk-_____- \_\_\_ |
| CANAVERAL CROSSROADS, LLC, | Chapter 7 |
| Debtor. | |
| _____/ | |
| In re: | Case No. 6:26-bk-_____- \_\_\_ |
| SHERWOOD CONSTRUCTION, INC., | Chapter 7 |
| Debtor. | |
| _____/ | |

*(Jointly Administered under Case No. 6:26-bk-_____-\_\_\_)*

**MOTION OF PETITIONING CREDITORS FOR ENTRY OF AN ORDER**
**APPROVING THE APPOINTMENT AND SERVICE OF ROSS**
**JOHNSTON**
**AS CHAPTER 7 TRUSTEE FOR BOTH ESTATES**

Horton Johnson, Cape Crossing Vacation Rentals, LLC, and IMQA Investments, Inc. (collectively, the "Petitioning Creditors"), by and through undersigned counsel, respectfully move this court, upon and after entry of the orders for relief in these related involuntary Chapter 7 cases, for entry of an order approving that Ross Johnston serve as the single Chapter 7 trustee for both the Canaveral Crossroads, LLC and Sherwood Construction, Inc. estates, and requesting that the United States Trustee appoint Ross Johnston as interim trustee under *11 U.S.C. § 701*. In support, the Petitioning Creditors state:

1

**This court has jurisdiction, and venue is proper.**

1.   This court has jurisdiction under *28 U.S.C. §§ 157 and 1334*. This is a core proceeding under *28 U.S.C. § 157(b)(2)(A)*. Venue is proper under *28 U.S.C. § 1408*. The statutory predicates for the relief requested are *11 U.S.C. §§ 701, 702, and 105(a)*.

**The Petitioning Creditors commenced related involuntary Chapter 7 cases against two affiliated Debtors.**

2.   The Petitioning Creditors commenced involuntary Chapter 7 cases against Canaveral Crossroads, LLC (Case No. _____) and Sherwood Construction, Inc. (Case No. _____). The Debtors are affiliated entities that operated a single, integrated resort enterprise on Merritt Island, Florida: Crossroads developed the resort, and Sherwood served as its related construction company. The Debtors do not oppose entry of the orders for relief.

3.   The two estates share overlapping assets, creditors, and claims, including substantial intercompany obligations (Crossroads owes Sherwood in excess of $3 million). A single, independent fiduciary administering both estates will avoid duplicative expense, reconcile the intercompany claims, and prevent the conflicting positions that would arise if separate trustees administered these intertwined estates.

2

**The United States Trustee appoints the interim trustee, and the creditors may elect the trustee.**

4. Upon entry of an order for relief in an involuntary Chapter 7 case, the United States Trustee "shall appoint one disinterested person that is a member of the panel of private trustees ... to serve as interim trustee in the case." *11 U.S.C. § 701(a)(1)*. At the meeting of creditors under *§ 341*, creditors holding at least 20% in amount of qualifying claims may request the election of a trustee, and a candidate is elected upon satisfaction of the thresholds in *11 U.S.C. § 702*; absent an election, the interim trustee becomes the trustee. *11 U.S.C. § 702(d)*.

5. The Petitioning Creditors respectfully request that the court, in aid of these related cases and under *11 U.S.C. § 105(a)*: (a) approve the service of Ross Johnston as the Chapter 7 trustee for both estates; (b) request that the United States Trustee appoint Ross Johnston as the interim trustee under *§ 701* in each case; and (c) confirm that a single trustee may serve both jointly administered estates. To the extent an election is held under *§ 702*, the Petitioning Creditors — who hold the majority in amount of the qualifying unsecured claims — intend to request and support the election of Ross Johnston.

**A single, independent trustee should administer both estates.**

6. In deciding whether the appointment of a trustee serves the estate, courts weigh such circumstances as evidence of self-dealing, diversion of estate assets, conflicts of interest or divided loyalties of existing management, preservation of

3

public confidence in the integrity of the bankruptcy system, and protection of creditor rights. *See, e.g., In re Cajun Elec. Power Coop., Inc.*, 69 F.3d 746 (5th Cir. 1995).

7. Here, the Debtors' overlapping ownership and management and the affiliated, deeply intertwined nature of the enterprise make an independent trustee especially appropriate, and a single trustee across both estates is best positioned to marshal the resort assets, administer them as an integrated whole, and impartially reconcile the substantial intercompany claims between the two Debtors.

**Ross Johnston is qualified, willing, and disinterested.**

8. Ross Johnston is qualified and experienced, is willing to serve, and is a "disinterested person" within the meaning of *11 U.S.C. § 101(14)*. Upon appointment, Mr. Johnston will file any verified statement and disclosures required and will post the bond required by *11 U.S.C. § 322*.

**The Debtors consent, and the relief prejudices no creditor.**

9. The relief is requested with the consent (or non-opposition) of the Debtors, will not prejudice any creditor, and promotes the efficient, economical, and impartial administration of both estates.

## RELIEF REQUESTED.

WHEREFORE, the Petitioning Creditors respectfully request that the court enter an order: (i) approving Ross Johnston's service as Chapter 7 trustee for both

the Canaveral Crossroads and Sherwood estates; (ii) requesting that the United States Trustee appoint Ross Johnston as interim trustee under *11 U.S.C. § 701* in each case; (iii) authorizing a single trustee to serve both jointly administered estates; and (iv) granting such other and further relief as is just and proper.

Respectfully submitted this 17th day of July, 2026,

/s/ Matthew A. Leibert
Matthew A. Leibert, Esquire
Florida Bar No. 0752266
5782A S. Semoran Blvd., Orlando, FL 32822
(407) 579-8355 / leibert@urbanthier.com
Counsel for the Petitioning Creditors

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on July 17th, by CM/ECF on all parties.


/s/ Matthew A. Leibert
Matthew A. Leibert

# CREDITOR MAILING MATRIX

*In re Sherwood Construction, Inc. — Involuntary Chapter 7*
*U.S. Bankruptcy Court, M.D. Fla., Orlando Division*

---

*Prepare the matrix in the format required by the Clerk (one creditor per block, name and complete mailing address, no account numbers, in the court's upload/text format). List the Alleged Debtor, the three Petitioning Creditors, and all other known creditors of the Alleged Debtor. Placeholder entries below — replace with verified names and addresses.*

Sherwood Construction, Inc.
4409 Hoffner Avenue, #348
Orlando, FL 32812

Horton Johnson
2523 Kissam Court
Belle Isle, FL 32809

Cape Crossing Vacation Rentals, LLC
4409 Hoffner Avenue, #348
Orlando, FL 32812

IMQA Investments, Inc.
1311 Hoffner Avenue
Orlando, FL 32809