UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

SHERWOOD CONSTRUCTION, INC.,

Alleged Debtor.
_______________________________________/

Case No. 6:26-bk-05428-GER
Chapter 7 (Involuntary)

**ANSWER OF SHERWOOD CONSTRUCTION, INC.
TO INVOLUNTARY PETITION AND CONSENT
TO ENTRY OF AN ORDER FOR RELIEF**

Sherwood Construction, Inc. (the "Debtor"), by and through undersigned counsel, answers the involuntary petition filed against it under 11 U.S.C. § 303 and consents to the entry of an order for relief. Contemporaneously with this answer the Debtor has filed its *Motion of Sherwood Construction, Inc. to Convert This Involuntary Chapter 7 Case to a Case Under Chapter 11*. The Debtor responds to the numbered items of Official Form 205 as follows:

**The Debtor admits the identifying allegations of Parts 1 and 2 of the petition.**

1. Item 1. Admitted that the petitioning creditors filed the petition under Chapter 7 of the Bankruptcy Code. The Debtor moves separately to convert the case to Chapter 11 under 11 U.S.C. § 706.

2. Item 2. Admitted. The Debtor's name is Sherwood Construction, Inc.

3. Item 3. Admitted. The Debtor has used no other name in the last eight years.

4. Item 4. Admitted. The Debtor's employer identification number is 59-2380911.

5. Item 5. Admitted that 5526 Hansel Avenue, Orlando, Orange County, Florida 32809, is the Debtor's address of record. The Debtor no longer conducts operations at that location.

6. Item 6. Admitted. The Debtor maintains no website.

7. Item 7. Admitted. The Debtor is a Florida corporation.

8. Item 8. Admitted. The Debtor is none of the specialized types of business listed.

9. Item 9. Admitted in part and denied in part. Admitted that a bankruptcy case is pending against the Debtor's affiliate Canaveral Crossroads, LLC, in this district, Case No. 6:26-bk-05426-GER. Denied that Homemakers Real Estate, LLC is an affiliate of the Debtor within the meaning of 11 U.S.C. § 101(2); the Debtor holds no interest in Homemakers Real Estate, LLC and Homemakers Real Estate, LLC holds no interest in the Debtor. The Debtor does not dispute that the cases identified for that entity are pending. This partial denial is not a defense to the petition and does not bear on the Debtor's eligibility or on venue.

**The Debtor admits that venue is proper and that the statutory grounds for an order for relief are satisfied.**

10. Item 10. Admitted. Over the 180 days before the filing of the petition, the Debtor had its domicile, principal place of business, and principal assets in this district longer than in any other district. Venue is proper under 28 U.S.C. § 1408.

11. Item 11. Admitted. Each petitioning creditor is eligible to file the petition under 11 U.S.C. § 303(b). The Debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a). The Debtor is generally not paying its debts as they become due, and the debts that are not being paid are not the subject of a bona fide dispute as to liability or amount. 11 U.S.C. § 303(h)(1). No custodian was appointed or took possession within the 120 days before the filing of the petition, and the Debtor understands that item to be unchecked.

12. Item 12. Admitted on information and belief. The Debtor is unaware of any transfer of a claim against it to or by any petitioning creditor.

13. Item 13. Admitted. The Debtor's books reflect a non-contingent, undisputed, unsecured debt of $917,000.00 owed to Horton S. Johnson, $59,484.00 owed to Cape Crossing Vacation Rentals, LLC, and $1,156,358.99 owed to IMQA Investments, Inc., aggregating $2,132,842.99. That aggregate exceeds the $21,050 required by 11 U.S.C. § 303(b)(1), as adjusted effective April 1, 2025, and the petition is signed by three holders of such claims.

**The Debtor asserts no defense to the petition and consents to the entry of an order for relief.**

14. The Debtor asserts no defense, affirmative or otherwise, to the petition. The Debtor does not contest the petition, does not seek dismissal or abstention under 11 U.S.C. § 305, and does not seek a bond under 11 U.S.C. § 303(e). The Debtor raises no objection to the form or manner of service of the summons. To the extent this answer is filed after the period allowed by Bankruptcy Rule 1011(b), the Debtor asks the court to accept it; no party is prejudiced, because the Debtor consents to the very relief the petition requests.

15. The Debtor requests that the court enter an order for relief against it under 11 U.S.C. § 303(h). Because the petition is not contested, no trial is necessary and the court may enter the order for relief on this answer. Fed. R. Bankr. P. 1013.

16. The Debtor requests that the court convert this case to a case under Chapter 11 immediately upon entry of the order for relief, for the reasons set out in the Debtor's contemporaneously filed motion to convert. 11 U.S.C. § 706(a). The Debtor's assets consist almost entirely of accounts receivable and litigation claims, and a supervised Chapter 11 liquidation — with disclosure to creditors and a creditor vote — will return more to creditors than an immediate Chapter 7 liquidation.

17. Nothing in this answer is an admission of the validity, amount, or priority of any claim for purposes of allowance under 11 U.S.C. § 502, and the Debtor and the estate reserve all rights to object to claims and to assert claims and causes of action against any person, including the petitioning creditors.

18. The Debtor files its corporate-ownership statement with this answer, its first appearance in this case. Fed. R. Bankr. P. 1011(f), 7007.1.

19. Ross Johnston, the Debtor's Liquidation Manager, is the Debtor's authorized representative and has authorized the filing of this answer.

**RELIEF REQUESTED.**

WHEREFORE, the Debtor respectfully requests that the court enter an order: (i) entering an order for relief against the Debtor on its consent under 11 U.S.C. § 303(h); (ii) converting this case to a case under Chapter 11 under 11 U.S.C. § 706 as requested in the Debtor's contemporaneously filed motion; and (iii) granting such other and further relief as is just and proper.

Respectfully submitted this 20th day of August, 2026.

FROMANG & SMITH, P.A.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
4767 New Broad Street

Orlando, Florida 32814
Phone: 407-999-9739
Email: Chris@FromangSmith.com
Counsel for Sherwood Construction, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2026, a true and correct copy of the foregoing *Debtor's Answer to Involuntary Petition and Consent to Entry of Order for Relief* was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all parties registered to receive such notice in this case.

By: /s/ Christopher L. Smith
CHRISTOPHER L. SMITH, ESQ.