UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re: Case No. 6:26-bk-05428-GER
Chapter 7 (Involuntary)

SHERWOOD CONSTRUCTION, INC.,

Alleged Debtor.
_______________________________________/

**MOTION OF SHERWOOD CONSTRUCTION, INC.
TO CONVERT THIS INVOLUNTARY CHAPTER 7 CASE
TO A CASE UNDER CHAPTER 11**

Sherwood Construction, Inc. (the "Debtor"), by and through undersigned counsel, moves under 11 U.S.C. § 706 to convert this involuntary Chapter 7 case to a case under Chapter 11 of the Bankruptcy Code. In support, the Debtor states:

**This court has jurisdiction, and conversion is a core proceeding.**

1. This court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. § 1408. The statutory predicate for the relief requested is 11 U.S.C. § 706.

**The petitioning creditors commenced this involuntary case.**

2. On July 20, 2026, the petitioning creditors filed an involuntary petition under Chapter 7 against the Debtor, commencing Case No. 6:26-bk-05428-

GER. The clerk issued the summons on July 23, 2026. A separate involuntary case is pending in this district against the Debtor's affiliate Canaveral Crossroads, LLC ("Canaveral"), Case No. 6:26-bk-05426-GER.

3. The Debtor served as the construction company for an integrated resort enterprise on Merritt Island, Florida developed by Canaveral. The Debtor does not contest the petition. Contemporaneously with this motion the Debtor has filed its *Answer of Sherwood Construction, Inc. to Involuntary Petition and Consent to Entry of an Order for Relief*, by which it consents to the entry of an order for relief under 11 U.S.C. § 303(h).

4. This motion seeks relief for the Debtor alone. Canaveral intends to seek the same relief in its own case by separate motion. The two estates are separate and will not be substantively consolidated, and each debtor will propose its own plan.

**The Debtor may convert this case to Chapter 11 as of right.**

5. The Bankruptcy Code provides that "[t]he debtor may convert a case under this chapter to a case under chapter 11 ... at any time, if the case has not been converted under section 1112, 1208, or 1307." 11 U.S.C. § 706(a). This case has not previously been converted, and the Debtor has not waived — and could not waive — the right to convert. 11 U.S.C. § 706(a).

6. The Debtor is eligible to be a debtor under Chapter 11. 11 U.S.C. §§ 109(d), 706(d). Because the right to convert under 11 U.S.C. § 706(a) attaches once the case is a case under Chapter 7, the Debtor requests that the court enter the order for relief on the Debtor's consent and convert the case in the same order. In the alternative, the Debtor requests conversion under 11 U.S.C. § 706(b), which permits the court, on request of a party in interest and after notice and a hearing, to convert a Chapter 7 case to Chapter 11 at any time.

**Conversion to Chapter 11 will maximize creditor recoveries.**

7. A supervised Chapter 11 liquidation will yield more for the Debtor's creditors than an immediate Chapter 7 liquidation. The Debtor holds no real property and no cash; its assets consist almost entirely of accounts receivable and litigation claims, and creditor recoveries depend on prosecuting those claims to judgment or settlement. As a debtor-in-possession, and through a plan administrator after confirmation, the Debtor can pursue that collection litigation with contingency-fee counsel and with the knowledge of the underlying projects, rather than handing it to a Chapter 7 trustee who would charge a statutory commission under 11 U.S.C. § 326 on top of the same collection costs. Chapter 11 also affords creditors disclosure and the right to vote on the disposition of the estate.

8. The Debtor will promptly file its schedules and statement of financial affairs, which are already prepared in draft, and will file a plan of liquidation and disclosure statement. The Debtor will comply with the obligations of a debtor-in-possession, including the payment of quarterly fees to the United States Trustee under 28 U.S.C. § 1930(a)(6).

**RELIEF REQUESTED.**

WHEREFORE, the Debtor respectfully requests that the court enter an order: (i) to the extent it has not already done so, entering the order for relief on the Debtor's consent under 11 U.S.C. § 303(h); (ii) converting this case from Chapter 7 to Chapter 11 under 11 U.S.C. § 706; (iii) directing the United States Trustee to proceed under Chapter 11; and (iv) granting such other and further relief as is just and proper.

Respectfully submitted this 27th day of August, 2026.

FROMANG & SMITH, P.A.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
4767 New Broad Street
Orlando, Florida 32814
Phone: 407-999-9739
Email: Chris@FromangSmith.com
Counsel for Sherwood Construction, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2026, a true and correct copy of the foregoing *Debtor's Motion to Convert This Involuntary Chapter 7 Case to a Case Under Chapter 11* was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all parties registered to receive such notice in this case.

By: /s/ Christopher L. Smith
CHRISTOPHER L. SMITH, ESQ.