**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re: Case No. 6:26-bk-05428-GER
Chapter 11

**SHERWOOD CONSTRUCTION, INC.,**

Debtor.
_______________________________________/

# DEBTOR'S CASE MANAGEMENT SUMMARY

Sherwood Construction, Inc., the debtor and debtor in possession (the "Debtor"), files this case management summary under Local Rule 2081-1(b) and paragraph 7 of the Order (1) for Relief and (2) Converting Case from Chapter 7 to Chapter 11 [Doc. 8], and states:

**The court entered the order for relief and converted this case to chapter 11 on September 8, 2026.**

**1.** On July 20, 2026, three creditors filed an involuntary chapter 7 petition against the Debtor [Doc. 1]. The Debtor answered and consented to entry of an order for relief on August 20, 2026 [Doc. 6], and moved to convert the case to chapter 11 under 11 U.S.C. § 706(a) on August 27, 2026 [Doc. 7]. On September 8, 2026, the court entered the order for relief, granted the motion, and converted the case [Doc. 8]. The Debtor continues as debtor in possession under 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed, and no committee has been formed.

**The Debtor is a general contractor that stopped operating in 2024.**

**2.** The Debtor is a Florida corporation. It built residential and commercial projects as general contractor for third-party owners, including affordable-housing developments. It has not performed construction work or received revenue since October 2024. It has no employees, no premises, no equipment and no inventory.

**3.** What remains of the Debtor's business is the collection of amounts its former customers owe it on completed and partially completed projects, and the resolution of the claims against it. Its books and records are maintained by its accountant, Babione Kuehler & Company, 4060 Edgewater Drive, Orlando, Florida 32804.

**The Debtor has no place of business, leased or owned.**

**4.** The Debtor owns no real property and is not a party to any lease of nonresidential real property. Its mailing address is 4409 Hoffner Avenue, Suite 348, Orlando, Florida 32812.

**The Debtor is in chapter 11 so that its claims against former customers can be collected and distributed under a plan.**

**5.** The Debtor's largest project owners withheld contract balances, retainage and change orders the Debtor contends it earned. Without those payments the Debtor could not pay its subcontractors and suppliers. It stopped operating in 2024 and became a defendant in a series of collection actions.

**6.** The Debtor's value now lies almost entirely in its claims against those owners. Realizing them requires people who know the projects and the records. The Debtor consented to relief and sought conversion so that it could prosecute those claims itself, through a chief restructuring officer and counsel, and distribute the proceeds to creditors under a chapter 11 plan of liquidation rather than through a chapter 7 trustee starting without that knowledge.

**No officer, director or insider has received a salary or benefits from the Debtor in the year before the petition or since.**

**7.** The Debtor's sole shareholder is Tiered Capital, Inc. Its sole director is Horton S. Johnson. Ross Johnston serves as its Chief Restructuring Officer. Martin C. Flynn, Jr. was the Debtor's President and a director until he resigned in July 2026.

**8.** None of those persons, and no other officer, director or insider or relative of an insider, received a salary or benefits from the Debtor at the time of filing or during the year before filing. Mr. Johnston has been paid nothing. The Debtor will apply separately to employ him, and his proposed compensation will be disclosed in that application and paid only as the court allows.

**The Debtor has had no revenue since 2024.**

**9.** The Debtor's gross revenues were as follows. Its last revenue was received on October 14, 2024.

(a) Calendar year 2024....................................................$2,399,338.85

(b) Calendar year 2025....................................................................$0.00

(c) 2026 through the petition date....................................................$0.00

**The Debtor owes no priority or secured debt; its liabilities are general unsecured claims of $11,204,267.06.**

**10.** Based on the schedules the Debtor is preparing for filing under paragraph 3 of the order for relief, the Debtor owes the following. No creditor holds a lien on property of the Debtor.

(a) Priority claims, including taxes....................................................$0.00

(b) Secured claims..........................................................................$0.00

(c) Unsecured — trade, vendor and service.........................$1,907,394.83

(d) Unsecured — disputed litigation claims.........................$5,017,029.24

(e) Unsecured — notes, loans and advances........................$4,279,842.99

Total.......................................................................$11,204,267.06

**11.** The notes, loans and advances include the three petitioning creditors' claims in the amounts the Debtor admitted in its answer, $2,132,842.99 combined, and claims of $2,949,898.93 held by insiders, which include Mr. Johnson's $917,000 claim as a petitioning creditor. Many of the remaining claims are disputed. The Debtor reserves all objections, defenses, setoffs and counterclaims under 11 U.S.C. § 502 and otherwise.

**The Debtor's assets are claims against third parties that it values at $13,873,000.**

**12.** The Debtor has no cash, bank accounts, receivables booked as such, inventory, equipment or real property. Its assets are claims against third parties, which it estimates as follows:

| | | |
|---|---|---|
| (a) | Canaveral Crossroads, LLC | $4,500,000.00 |
| (b) | Boatworks Project (AGPM / BW) | $3,600,000.00 |
| (c) | Trent Development (net) | $2,400,000.00 |
| (d) | Kings County Beach Club Project | $1,740,000.00 |
| (e) | Surfside Point (Goulds / Surfside) | $1,320,000.00 |
| (f) | Alison Pitkanen, Esq. (escrow funds) | $288,000.00 |
| (g) | Surety, Janelle Moraya notary bond | $25,000.00 |
| (h) | About 7% of Cape Crossing Resorts, Inc. | Unknown |
| | Total | $13,873,000.00 |

**13.** Canaveral Crossroads, LLC is an affiliate of the Debtor and the subject of a separate involuntary case in this district, No. 6:26-bk-05426-GER. The Trent Development claim, against Cherry Village, L.P. and Austin Commons, L.P., is stated net of amounts the Debtor owes Trent. The Pitkanen claim is for escrow funds from the Holly Bluff loan closing. The Moraya claim is capped at the penal sum of the bond. These are the Debtor's estimates of what each claim is worth. Each is contingent and unliquidated, and several are subject to defenses, setoffs or counterclaims. The Debtor will open a debtor-in-possession account with an authorized depository before it receives any funds.

**The Debtor has no employees, owes no wages and has no unpaid payroll or sales taxes.**

**14.** The Debtor had no employees on the petition date and owes no wages, salaries or commissions. It has no payroll, and it has no outstanding payroll tax or sales tax obligations.

**The Debtor will not seek emergency relief.**

**15.** The Debtor does not anticipate requesting emergency relief within the first 14 days of this chapter 11 case. It will file, on regular notice, applications to employ Christopher L. Smith and Fromang & Smith, P.A. as its counsel and Ross Johnston as its Chief Restructuring Officer, followed by an application to employ special litigation counsel under 11 U.S.C. § 327(e).

**The Debtor's objective is an orderly liquidation of its claims under a chapter 11 plan.**

**16.** The Debtor will not refinance, reorganize an operating business or seek to cram down a secured creditor; it has none. Its objective is to collect its claims against third parties by demand, negotiation, mediation and, where necessary, litigation, and to distribute the net proceeds pro rata to holders of allowed general unsecured claims under a plan of liquidation.

**17.** The Debtor expects its claim against Canaveral Crossroads, LLC to be addressed through a plan in that separate case, subject to approval by the court. The Debtor has substantially prepared its own plan of liquidation and disclosure

statement and intends to file them within the exclusive period under 11 U.S.C. § 1121(b).

Dated: September 15, 2026

Respectfully submitted,

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
Email: chris@fromangsmith.com
Counsel for the Debtor in Possession

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive electronic notice in this case.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire