**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re: Case No. 6:26-bk-05428-GER
Chapter 11

**SHERWOOD CONSTRUCTION, INC.,**

Debtor.
_______________________________________/

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, Florida 32801, and serve a copy on the movant's attorney, Christopher L. Smith, Esquire, Fromang & Smith, P.A., 4767 New Broad Street, Orlando, Florida 32814, and any other appropriate persons, within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**DEBTOR'S APPLICATION TO EMPLOY**
**CHRISTOPHER L. SMITH AND FROMANG & SMITH, P.A.**
**AS COUNSEL TO THE DEBTOR IN POSSESSION**
**UNDER 11 U.S.C. § 327(a), EFFECTIVE AS OF SEPTEMBER 8, 2026**

Sherwood Construction, Inc., the debtor and debtor in possession, applies under 11 U.S.C. § 327(a) and *Fed. R. Bankr. P.* 2014(a) for authority to employ Christopher L. Smith, Esquire, and the firm of Fromang & Smith, P.A. as its counsel, and states:

**The case and the Debtor's need for counsel.**

**1.** On July 20, 2026, petitioning creditors filed an involuntary petition against the Debtor under chapter 7. The Debtor answered and consented to entry of an order for relief on August 20, 2026, and moved on August 27, 2026 to convert this case to chapter 11 under 11 U.S.C. § 706(a). On September 8, 2026 the court entered its Order (1) for Relief and (2) Converting Case from Chapter 7 to Chapter 11 [Doc. 8], and the Debtor is a debtor in possession under 11 U.S.C. §§ 1107 and 1108. The Debtor asks that the employment be approved effective as of September 8, 2026, the date of that order.

**2.** The Debtor has ceased operations. It holds no real property, no cash and no bank accounts. Its remaining assets are claims against third parties that must be litigated or compromised before they produce anything for creditors. The Debtor scheduled those claims at $13,873,000 against scheduled unsecured claims of $11,242,604.58. Realizing the claims and distributing what they produce is the whole of this case, and the Debtor cannot do either without counsel.

**3.** A corporation may appear and be heard in this court only through counsel. Local Rule 1074-1(a). The Debtor's authorized representative may attend the meeting of creditors and, with the court's permission, appear on limited matters, but he cannot conduct this case. The employment of counsel is therefore necessary.

**The Debtor selected Mr. Smith because he already knows the case and is free of the conflict that disqualifies the only other counsel familiar with it.**

**4.** Mr. Smith has practiced before this court for many years, is admitted under Local Rule 2090-1, and concentrates his practice in bankruptcy and creditors' rights. He has represented the Debtor since August 2026 and signed the answer to the involuntary petition and the motion to convert. He is familiar with the Debtor's history, its claims against its customers, and the posture of this case.

**5.** Counsel for the petitioning creditors cannot represent the Debtor. The Debtor's selection of independent counsel was made for that reason among others, and no professional retained in this case represents both the Debtor and a petitioning creditor.

**The services to be rendered.**

**6.** Mr. Smith and his firm will render the legal services this case requires, including:

(a) advising the Debtor about its rights, powers and duties as a debtor in possession;

(b) preparing and prosecuting the motion to convert, the schedules and statements, the monthly operating reports, and the other papers the case requires;

(c) representing the Debtor at the meeting of creditors, the initial debtor interview, and every hearing in this case;

(d) advising the Debtor about the retention of other professionals and preparing the applications to employ them;

(e) reviewing and objecting to claims;

(f) advising the Debtor about the prosecution, compromise or abandonment of the estate's claims against third parties, and appearing in any adversary proceeding or removed action arising from them;

(g) preparing, filing, soliciting acceptances of and prosecuting a chapter 11 plan of liquidation and a disclosure statement, and taking the steps confirmation and consummation require; and

(h) performing the other legal services the Debtor requires in this case.

**The proposed compensation is an hourly rate of $500, payable only as this court allows it.**

**7.** Subject to court approval, the Debtor proposes to compensate Mr. Smith at the hourly rate of **$500.00** for his own time, $400.00 per hour for associates and $225.00 per hour for paralegals, and to reimburse the firm for its actual and necessary out-of-pocket expenses. That rate is Mr. Smith's customary rate for work of this kind and is within the range this court allows for comparable services in comparable cases. The firm will keep contemporaneous time records in tenths of an hour, describing each task separately.

**8.** No compensation will be paid except on application to and allowance by this court under 11 U.S.C. §§ 330 and 331, *Fed. R. Bankr. P.* 2016, and Local

Rule 2016-1. The Debtor does not ask the court to fix the terms of compensation under 11 U.S.C. § 328(a), and the rate stated above remains subject to review for reasonableness under § 330 when compensation is sought.

**9.** Mr. Smith and his firm have received **no retainer** and **no payment of any kind**, from the Debtor or from any other source, for services rendered or to be rendered in connection with this case. No party other than the estate has agreed to pay them. They hold no claim against the Debtor for prepetition services, and they waive any such claim. The disclosure required by 11 U.S.C. § 329 and *Fed. R. Bankr. P.* 2016(b) is made on this page and is repeated in the statement filed under that rule.

**Mr. Smith is disinterested and holds no interest adverse to the estate.**

**10.** To the best of the Debtor's knowledge, and as the verified statement attached as Exhibit A sets out, Mr. Smith and his firm are *disinterested persons* within 11 U.S.C. § 101(14) and hold no interest adverse to the Debtor or to the estate in the matters on which they are to be employed. Neither Mr. Smith nor his firm is a creditor, an equity security holder or an insider of the Debtor; neither is or was a director, officer or employee of the Debtor; and neither holds any interest materially adverse to the estate or to any class of creditors or equity security holders.

**11.** The verified statement required by *Fed. R. Bankr. P.* 2014(a) is attached as Exhibit A and discloses the connections of Mr. Smith and his firm with the Debtor, its creditors, other parties in interest, their attorneys and accountants, the United States Trustee, and persons employed in the office of the United States Trustee.

**12.** The Debtor discloses that Mr. Smith's connections are not limited to this case. He represents the Debtor in a variety of state court matters, he removed actions involving the Debtor to this court, and he represents Tiered Capital, Inc., the Debtor's parent and sole shareholder. His verified statement describes those representations and states his undertaking not to represent Tiered Capital, Inc. in any matter adverse to this estate and to withdraw from one representation or the other if their interests conflict. The Debtor submits that the representations do not make Mr. Smith the holder of an interest adverse to the estate within 11 U.S.C. § 327(a): the state court matters are the Debtor's own litigation, and the parent asserts no claim against this estate.

**13.** The Debtor discloses affirmatively, so that the court and the United States Trustee may weigh it, that Ross Johnston — the Debtor's Chief Restructuring Officer, whose employment is the subject of a separate application — is also the person the petitioning creditors proposed as chapter 7 trustee of this estate [Doc. 4], a motion the court denied when it entered the order for relief and

converted the case [Doc. 8, ¶ 8]. Mr. Smith does not represent Mr. Johnston individually, represents no petitioning creditor, and takes no position in this application on that motion, which the Debtor has asked the court to deny as moot on conversion.

**RELIEF REQUESTED.**

The Debtor asks the court to enter an order (i) authorizing the Debtor to employ Christopher L. Smith, Esquire, and Fromang & Smith, P.A. as its counsel under 11 U.S.C. § 327(a), effective as of September 8, 2026; (ii) providing that compensation and reimbursement be allowed only on application under 11 U.S.C. §§ 330 and 331; and (iii) granting such other relief as is just.

Dated: September 15, 2026.

Respectfully submitted,

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
Email: chris@fromangsmith.com

Counsel for the Debtor in Possession

The undersigned authorized representative of the Debtor approves the filing of the foregoing and the employment it requests.

________________________________________

Ross Johnston
Chief Restructuring Officer and Authorized
Representative of the Debtor in Possession

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive electronic notice in this case, including the Office of the United States Trustee.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire

## EXHIBIT A

## VERIFIED STATEMENT OF CHRISTOPHER L. SMITH

under *Fed. R. Bankr. P.* 2014(a) and 11 U.S.C. §§ 101(14), 327(a) and 329

Christopher L. Smith declares under penalty of perjury under 28 U.S.C. § 1746:

**1.** I am an attorney licensed to practice in the State of Florida, Florida Bar No. 367461, and I am admitted to practice before this court under Local Rule 2090-1. I am a shareholder of Fromang & Smith, P.A., 4767 New Broad Street, Orlando, Florida 32814. I make this statement from my own knowledge and from the conflicts search described below.

**2.** Fromang & Smith, P.A. maintains a database of the parties in every matter the firm has handled. I caused that database to be searched against the Debtor, its officers and directors, its equity holder, the petitioning creditors, the creditors listed on the Debtor's schedules and creditor matrix, the counterparties to the claims the Debtor holds, counsel of record in this case, the United States Trustee for Region 21, and the persons employed in that office. The disclosures below reflect the results of that search.

**3.** Neither I nor my firm is a creditor, an equity security holder or an insider of the Debtor. Neither I nor my firm is or was, within two years before the date of the filing of the petition, a director, officer or employee of the Debtor.

Neither I nor my firm holds an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. I and my firm are therefore disinterested persons within 11 U.S.C. § 101(14).

**4.** Neither I nor my firm holds or represents an interest adverse to the estate in the matters on which we are to be employed, within 11 U.S.C. § 327(a).

**5.** My connections with the Debtor are these. I represent the Debtor in this case; I signed its answer to the involuntary petition, filed August 20, 2026, and its motion to convert this case to chapter 11, filed August 27, 2026. I also represent the Debtor in a variety of state court matters, and I removed actions involving the Debtor to this court. I represent Tiered Capital, Inc., the Debtor's parent and sole shareholder. I do not represent Tiered Capital, Inc. in any matter adverse to this estate and will not do so while I represent the Debtor; if a matter arises in which the interests of the Debtor and Tiered Capital, Inc. conflict, I will disclose it promptly and withdraw from one representation or the other.

**6.** My connections with the Debtor's creditors, other parties in interest, and their attorneys and accountants are: NONE. My firm may in unrelated matters represent, or have represented, parties who are also creditors of this estate. Any

such representation is unrelated to this case, and I will supplement this statement promptly if a search discloses one.

**7.** I have no connection with the United States Trustee for Region 21 or with any person employed in that office, other than as counsel appearing in cases before this court.

**8.** Neither I nor my firm has received any retainer, deposit, advance or other payment, from the Debtor or from any other person or entity, for services rendered or to be rendered in connection with this case. No agreement exists under which any person other than the estate will compensate us. I hold no claim against the Debtor for services rendered before the petition date, and I waive any such claim.

**9.** I have not shared, and have not agreed to share, any compensation received or to be received in this case with any person, other than among the members and regular associates of my firm as 11 U.S.C. § 504(b)(1) permits.

**10.** The compensation I propose is an hourly rate of $500.00 for my own time, together with reimbursement of actual and necessary out-of-pocket expenses. Rates for other timekeepers who may work on this matter are: associates, $400.00 per hour; paralegals, $225.00 per hour. I understand that all compensation and reimbursement is subject to application to and allowance by this court under 11 U.S.C. §§ 330 and 331, and that no compensation may be paid otherwise.

**11.** I am aware that Ross Johnston, the Debtor's Chief Restructuring Officer, is also the person the petitioning creditors proposed as chapter 7 trustee of this estate, and that the court denied that motion on September 8, 2026 [Doc. 8, ¶ 8]. I do not represent Mr. Johnston individually, I represent no petitioning creditor, and I have no financial interest in the outcome of that motion.

**12.** If I learn of any additional connection or of any fact bearing on my disinterestedness, I will file a supplemental statement promptly.

Executed on September 15, 2026.

______________________________________

Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive electronic notice in this case, including the Office of the United States Trustee.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Counsel for the Debtor in Possession