**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re: Case No. 6:26-bk-05428-GER
Chapter 11

**SHERWOOD CONSTRUCTION, INC.,**

Debtor.
_______________________________________/

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, Florida 32801, and serve a copy on the movant's attorney, Christopher L. Smith, Esquire, Fromang & Smith, P.A., 4767 New Broad Street, Orlando, Florida 32814, and any other appropriate persons, within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**DEBTOR'S APPLICATION TO EMPLOY ROSS JOHNSTON AS CHIEF RESTRUCTURING OFFICER UNDER 11 U.S.C. §§ 363(b) AND 328(a), AND TO APPROVE HIS CONTINGENT COMPENSATION ON THE ESTATE'S RECOVERY MATTERS**

Sherwood Construction, Inc., the debtor and debtor in possession, applies under 11 U.S.C. §§ 363(b) and 328(a) for authority to employ Ross Johnston as its Chief Restructuring Officer on the terms stated below, and states:

**The estate consists almost entirely of claims that must be litigated, and it has no cash to pay anyone to litigate them.**

**1.** On July 20, 2026, petitioning creditors filed an involuntary petition against the Debtor under chapter 7. The Debtor answered and consented to entry of an order for relief on August 20, 2026, and moved on August 27, 2026 to convert this case to chapter 11 under 11 U.S.C. § 706(a). On September 8, 2026 the court entered its Order (1) for Relief and (2) Converting Case from Chapter 7 to Chapter 11 [Doc. 8], and the Debtor is a debtor in possession under 11 U.S.C. §§ 1107 and 1108. Mr. Johnston holds the office of Chief Restructuring Officer by act of the Debtor's board of directors under section 607.08401, Florida Statutes. That appointment took effect on its own terms and required no order of this court, and he is an officer of the Debtor rather than a professional person employed by the estate. What the Debtor seeks here is authority for his engagement and for the payment of his compensation from property of the estate, effective as of September 8, 2026.

**2.** The Debtor has ceased operations. It holds no real property, no cash and no bank accounts, and it has no employee. Its assets are receivables and contract claims against five former customers, scheduled at $13,873,000, of which $13,560,000 — ninety-eight percent — is owed by those five. Not one of them will be collected without a demand, a negotiation, a mediation or a lawsuit.

**3.** Martin C. Flynn, Jr. resigned as President and as a director in July 2026. The Debtor has had no officer since. Someone must direct the Debtor's

affairs, sign its papers, verify its schedules, respond to the United States Trustee, and drive the collection of the claims. That is the office the Debtor asks leave to fill.

**Mr. Johnston was appointed Chief Restructuring Officer by the Debtor's sole shareholder and sole director, and he is an officer rather than a professional person.**

**4.** By written consent taken without a meeting under *Fla. Stat.* §§ 607.0704 and 607.0821, Tiered Capital, Inc., the Debtor's sole shareholder, and Horton S. Johnson, the Debtor's sole director, appointed Mr. Johnston Chief Restructuring Officer and made him the Debtor's authorized representative in this case. A copy of that consent is attached as Exhibit A.

**5.** Mr. Johnston is a corporate officer of the Debtor, not a professional person within 11 U.S.C. § 327(a). His employment on the terms stated is a use of estate property outside the ordinary course of business, and the Debtor seeks approval under 11 U.S.C. § 363(b) and, because the compensation is a percentage fee, under 11 U.S.C. § 328(a). To the extent the court concludes that § 327(a) governs, the Debtor asks that the application be treated as one under that section as well, and Mr. Johnston's declaration, attached as Exhibit B, is made to satisfy *Fed. R. Bankr. P.* 2014(a) in either event.

**6.** Mr. Johnston has served as a restructuring and liquidation professional for many years and has administered estates and wound down operating companies

of comparable size. He has acted as the Debtor's authorized representative since his appointment, has signed the Debtor's answer, its motion to convert, its corporate ownership statement and its schedules and statements, and is familiar with the five claims that constitute this estate. He will furnish a statement of his qualifications and experience on the request of the court or of the United States Trustee.

**The services to be rendered.**

**7.** Mr. Johnston will:

(a) serve as the Debtor's sole officer and its authorized representative in this case and in every related proceeding;

(b) execute, verify and file the Debtor's schedules, statements, monthly operating reports and other required papers, and appear at the meeting of creditors and the initial debtor interview;

(c) issue demands on the five customer receivables, pursue mediation where the governing contract requires or permits it, and direct the litigation of the claims that are not resolved by agreement;

(d) select, and recommend to the Debtor and to this court for employment, outside litigation counsel to prosecute the recovery matters;

(e) negotiate and recommend compromises of the estate's claims, subject to the court's approval where approval is required;

(f) assist counsel in the preparation and prosecution of a chapter 11 plan of liquidation and a disclosure statement; and

(g) perform the other duties an officer of the Debtor must perform in this case.

**Mr. Johnston takes no salary, no hourly fee and no retainer, and is paid only out of what he actually recovers.**

**8.** The Debtor cannot pay an officer. It has no cash and no income. The Debtor and Mr. Johnston have therefore agreed that his entire compensation is contingent on recovery, as follows.

(a) No salary, no hourly rate, no retainer and no minimum fee. Mr. Johnston receives no compensation of any kind for his service as Chief Restructuring Officer except the contingent fee described in subparagraph (b). If the estate recovers nothing, he is paid nothing.

(b) A contingent fee of five percent (5%) of the gross amount actually collected by the estate on the recovery matters — that is, of cash and other consideration actually received by the estate, whether by judgment, settlement, compromise, or voluntary payment, on the claims against Canaveral Crossroads, LLC, Trent Development, Boatworks, Kings County Beach Club, and Surfside Pointe, and on any other claim or cause of action of the estate that the court includes in this employment.

(c) Reimbursement of actual and necessary out-of-pocket expenses, supported by receipts.

(d) The fee accrues only as collections are actually received, and is payable only after application to and allowance by this court. Nothing is earned on a claim that is asserted but not collected.

**9.** Section 328(a) permits employment *on a fixed or percentage fee basis, or on a contingent fee basis,* on reasonable terms approved in advance. The Debtor asks the court to approve this percentage under § 328(a). A contingent fee is not a preference here but a necessity: the estate has nothing with which to pay an officer, and no one would take the office for nothing. The percentage aligns Mr. Johnston's compensation with the only outcome that matters to creditors, which is cash actually in the estate.

**The contemplated outside litigation firm, and how the percentages fit together.**

**10.** The Debtor discloses now, rather than later, the whole of the compensation structure contemplated for the recovery matters, so that no part of it reaches the court as a surprise:

(a) Outside litigation counsel — thirty-three and one-third percent (33⅓ %) of gross recoveries, as a true contingency, payable to the firm the Debtor retains to prosecute the recovery matters. No firm has yet been selected. When one is, the Debtor will file a separate application to

employ it as special litigation counsel under 11 U.S.C. § 327(e), with its own verified statement, and no fee will be paid to any such firm before that application is granted.

(b) The Chief Restructuring Officer — five percent (5%) of gross recoveries, as described above.

(c) No other percentage. No fee is payable to a trustee, and none is sought. The Debtor remains in possession, no trustee has been appointed, and the Debtor does not ask the court to approve any compensation for one.

**11.** The two percentages total thirty-eight and one-third percent (38⅓%) of gross recoveries. Under the plan of liquidation the Debtor will propose, the litigation firm's 33⅓% is paid off the top as a cost of suit, and the remaining collections are divided equally between a Creditor Share distributed to general unsecured creditors and a Collection Cost Share that bears the costs of collection and the administrative and priority claims. Mr. Johnston's 5% is charged to the Collection Cost Share, not to the Creditor Share. On a hypothetical $1,000,000 collection the firm receives $333,333, the Creditor Share is $333,333, and the Collection Cost Share is $333,334, out of which Mr. Johnston's $50,000 fee and the administrative and priority claims are paid. The Debtor's plan and disclosure

statement will state that treatment, and this application does not seek to bind the court to it.

**The Debtor discloses, on the face of this application, that Mr. Johnston is also the person the petitioning creditors proposed as chapter 7 trustee.**

**12.** On July 20, 2026, the petitioning creditors moved for an order approving the appointment and service of *Ross Johnston as chapter 7 trustee* of this estate and of the estate of the Debtor's affiliate [Doc. 4]. The court denied that motion when it entered the order for relief and converted this case [Doc. 8, ¶ 8]. The same man is now the Debtor's Chief Restructuring Officer. The Debtor does not minimize the point and does not ask the court to overlook it.

**13.** Two things follow, and the Debtor states both. First, the conflict is one of appearance and of disclosure rather than of authority: Mr. Johnston was appointed by the Debtor's shareholder and director in a validly taken written consent, and the acts he has performed in the Debtor's name were within the authority that consent gave him. Second, the two roles cannot be held at once, and they will not be. No trustee serves in this case, and Doc. 4 has been denied. If a trustee is appointed under 11 U.S.C. § 1104, Mr. Johnston must and will resign one office or the other within seven days, and the Debtor will report that promptly to the court and to the United States Trustee.

**14.** The Debtor discloses further that Horton S. Johnson, its sole director, is himself a petitioning creditor holding a claim the Debtor has admitted in the

amount of $917,000, is the authorized agent of Tiered Capital, Inc., the Debtor's sole shareholder, and signed the consent appointing Mr. Johnston in both capacities. Mr. Johnston is not related to Mr. Johnson, holds no interest in Tiered Capital, Inc., and holds no claim against this estate.

**15.** The Debtor discloses that Mr. Johnston holds the same office in its affiliate: he is the Chief Restructuring Officer of Canaveral Crossroads, LLC, the debtor in *In re Canaveral Crossroads, LLC,* No. 6:26-bk-05426-GER, a chapter 11 case pending in this court, and acts as the authorized representative of each company. He expects an application for joint administration of the two cases to be made. The estates remain separate, and this Debtor holds a scheduled claim of $4,500,000 against Canaveral Crossroads, LLC. Mr. Johnston will disclose promptly to the court, to the United States Trustee and to the parties any matter in which the interests of the two estates conflict. He is compensated in the Canaveral case at $275.00 per hour, and neither office pays him anything except as the court in that case allows.

**16.** The Debtor's proposed plan of liquidation contemplates that Mr. Johnston will serve as Plan Administrator on and after the effective date. That appointment is a term of the plan, will be disclosed in the disclosure statement, and will be confirmed or refused when the plan is. The Debtor does not seek approval of it in this application, and seeks no separate compensation for it here.

**17.** Subject to those disclosures, and as his declaration attached as Exhibit B states, Mr. Johnston holds no interest adverse to the Debtor or to the estate in the matters on which he is to be employed, and he will supplement his declaration promptly if that changes.

**RELIEF REQUESTED.**

The Debtor asks the court to enter an order (i) confirming that the appointment of Ross Johnston as the Debtor's Chief Restructuring Officer is an act of the Debtor's board of directors that required no approval of this court and, to the extent approval is required, authorizing his engagement and service under 11 U.S.C. § 363(b) effective as of September 8, 2026; (ii) approving under 11 U.S.C. § 328(a) his contingent compensation of five percent of gross amounts actually collected on the estate's recovery matters, together with reimbursement of actual and necessary expenses, payable only on application to and allowance by this court; (iii) providing that no fee is payable to outside litigation counsel until that firm is employed by separate order; and (iv) granting such other relief as is just.

Dated: September 15, 2026.

Respectfully submitted,

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street

Orlando, Florida 32814
Telephone: (407) 999-9739
Email: chris@fromangsmith.com
Counsel for the Debtor in Possession

______________________________________

Ross Johnston
Chief Restructuring Officer and Authorized
Representative of the Debtor in Possession

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive electronic notice in this case, including the Office of the United States Trustee.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire

## EXHIBIT B

## DECLARATION OF ROSS JOHNSTON

under *Fed. R. Bankr. P.* 2014(a) and 28 U.S.C. § 1746

Ross Johnston declares under penalty of perjury under 28 U.S.C. § 1746:

**1.** I am over eighteen years of age and competent to make this declaration. I make it from my own knowledge. I am the person the Debtor proposes to employ as its Chief Restructuring Officer.

**2.** My business address is ARG Investments, Winter Park, Florida. I have worked in corporate restructuring, workouts and estate administration for approximately nineteen years. I am the Senior Managing Director of C-Acquire Consulting, a corporate restructuring and workout firm, and have been since 2007; the Managing Partner of ARG Investments, an asset-backed lending and real estate development firm, since 2005; and the President and Trustee of OCE Landfill Management, Inc. since 2011, having served as Chief Restructuring Officer of OCE Environmental Technologies from 2012 to 2014. I am a graduate of the Stanford University Graduate School of Business. I will furnish a fuller statement of my qualifications on request.

**3.** By written consent of Tiered Capital, Inc., the Debtor's sole shareholder, and Horton S. Johnson, the Debtor's sole director, I was appointed Chief Restructuring Officer of the Debtor. I accepted that appointment in writing.

Since then I have acted as the Debtor's authorized representative and have signed the Debtor's answer to the involuntary petition, its motion to convert, its corporate ownership statement, and its schedules and statements.

**4.** I am not a creditor, an equity security holder or an insider of the Debtor, except that I am its Chief Restructuring Officer by virtue of the appointment described above. I hold no claim of any kind against the Debtor or its estate. I have no interest in Tiered Capital, Inc. I am not related by blood or marriage to Horton S. Johnson, to Martin C. Flynn, Jr., or to any petitioning creditor.

**5.** I disclose that the petitioning creditors moved for an order approving my appointment and service as chapter 7 trustee of this estate and of the estate of the Debtor's affiliate [Doc. 4], and that the court denied that motion when it entered the order for relief and converted this case [Doc. 8, ¶ 8]. I did not solicit that motion, I was never appointed and I never accepted. I understand that I cannot serve as a trustee of this estate and as the Debtor's Chief Restructuring Officer at the same time. If a trustee is appointed in this case, I will resign one office or the other within seven days and will state in writing to the court and to the United States Trustee which one I have resigned.

**6.** I am the Chief Restructuring Officer of Canaveral Crossroads, LLC, the Debtor's affiliate and the debtor in No. 6:26-bk-05426-GER, a chapter 11 case

pending in this court, and I expect an application for joint administration of the two cases to be made. I am compensated in that case at $275.00 per hour, as that court allows. My other connections with the Debtor, its creditors, other parties in interest, their attorneys and accountants, the United States Trustee for Region 21, and persons employed in that office, are: NONE.

**7.** Subject to the disclosures in this declaration, I hold no interest adverse to the Debtor or to the estate in the matters on which I am to be employed, and I am a disinterested person within 11 U.S.C. § 101(14).

**8.** My compensation is entirely contingent. I receive no salary, no hourly fee, no retainer and no minimum fee. I am to receive five percent of the gross amounts actually collected by the estate on its recovery matters, together with reimbursement of my actual and necessary out-of-pocket expenses, in each case only on application to and allowance by this court. I have received nothing from the Debtor to date.

**9.** I have not shared, and have not agreed to share, any compensation received or to be received in this case with any other person, except as this court approves.

**10.** I have no agreement, understanding or arrangement, written or oral, with any prospective outside litigation firm concerning the division of any fee, the

referral of the estate's claims, or any payment to me. If I enter into any such discussion, I will disclose it before the firm is employed.

**11.** I will file a supplemental declaration promptly if I learn of any additional connection or of any fact bearing on my disinterestedness.

Executed on September 15, 2026.

______________________________
Ross Johnston

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive electronic notice in this case, including the Office of the United States Trustee.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Counsel for the Debtor in Possession