**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re: Case No. 6:26-bk-05428-GER
Chapter 11

**SHERWOOD CONSTRUCTION, INC.,**

Debtor.
_______________________________________/

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, Florida 32801, and serve a copy on the movant's attorney, Christopher L. Smith, Esquire, Fromang & Smith, P.A., 4767 New Broad Street, Orlando, Florida 32814, and any other appropriate persons, within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**DEBTOR'S AMENDED APPLICATION TO EMPLOY**
**CHRISTOPHER L. SMITH AND FROMANG & SMITH, P.A.**
**AS COUNSEL TO THE DEBTOR IN POSSESSION**
**UNDER 11 U.S.C. § 327(a), EFFECTIVE AS OF SEPTEMBER 8, 2026**

Sherwood Construction, Inc., the debtor and debtor in possession, applies under 11 U.S.C. § 327(a) and *Fed. R. Bankr. P.* 2014(a) for authority to employ Christopher L. Smith, Esquire, and the firm of Fromang & Smith, P.A. as its counsel, and states:

The Debtor amends its application (Doc. 15) to disclose that Mr. Smith also represents the Debtor's affiliate, Canaveral Crossroads, LLC; to disclose that the Debtor's parent, Tiered Capital, Inc., guarantees Mr. Smith's allowed fees; and to ask the court to approve that guaranty. Mr. Smith's supplemental verified statement is attached as Exhibit A-1. In every other respect the application is unchanged.

**The case and the Debtor's need for counsel.**

**1.** On July 20, 2026, petitioning creditors filed an involuntary petition against the Debtor under chapter 7. The Debtor answered and consented to entry of an order for relief on August 20, 2026, and moved on August 27, 2026 to convert this case to chapter 11 under 11 U.S.C. § 706(a). On September 8, 2026 the court entered its Order (1) for Relief and (2) Converting Case from Chapter 7 to Chapter 11 [Doc. 8], and the Debtor is a debtor in possession under 11 U.S.C. §§ 1107 and 1108. The Debtor asks that the employment be approved effective as of September 8, 2026, the date of that order.

**2.** The Debtor has ceased operations. It holds no real property, no cash and no bank accounts. Its remaining assets are claims against third parties that must be litigated or compromised before they produce anything for creditors. The Debtor scheduled those claims at $13,873,000 against scheduled unsecured claims

of $11,204,295.10. Realizing the claims and distributing what they produce is the whole of this case, and the Debtor cannot do either without counsel.

**3.** A corporation may appear and be heard in this court only through counsel. Local Rule 1074-1(a). The Debtor's authorized representative may attend the meeting of creditors and, with the court's permission, appear on limited matters, but he cannot conduct this case. The employment of counsel is therefore necessary.

**The Debtor selected Mr. Smith because he already knows the case and is free of the conflict that disqualifies the only other counsel familiar with it.**

**4.** Mr. Smith has practiced before this court for many years, is admitted under Local Rule 2090-1, and concentrates his practice in bankruptcy and creditors' rights. He has represented the Debtor since August 2026 and signed the answer to the involuntary petition and the motion to convert. He is familiar with the Debtor's history, its claims against its customers, and the posture of this case.

**5.** Counsel for the petitioning creditors cannot represent the Debtor. The Debtor's selection of independent counsel was made for that reason among others, and no professional retained in this case represents both the Debtor and a petitioning creditor.

**The services to be rendered.**

**6.** Mr. Smith and his firm will render the legal services this case requires, including:

(a) advising the Debtor about its rights, powers and duties as a debtor in possession;

(b) preparing and prosecuting the motion to convert, the schedules and statements, the monthly operating reports, and the other papers the case requires;

(c) representing the Debtor at the meeting of creditors, the initial debtor interview, and every hearing in this case;

(d) advising the Debtor about the retention of other professionals and preparing the applications to employ them;

(e) reviewing and objecting to claims;

(f) advising the Debtor about the prosecution, compromise or abandonment of the estate's claims against third parties, and appearing in any adversary proceeding or removed action arising from them;

(g) preparing, filing, soliciting acceptances of and prosecuting a chapter 11 plan of liquidation and a disclosure statement, and taking the steps confirmation and consummation require; and

(h) performing the other legal services the Debtor requires in this case.

**The proposed compensation is an hourly rate of $500, payable only as this court allows it.**

**7.** Subject to court approval, the Debtor proposes to compensate Mr. Smith at the hourly rate of **$500.00** for his own time, $400.00 per hour for

associates and $225.00 per hour for paralegals, and to reimburse the firm for its actual and necessary out-of-pocket expenses. That rate is Mr. Smith's customary rate for work of this kind and is within the range this court allows for comparable services in comparable cases. The firm will keep contemporaneous time records in tenths of an hour, describing each task separately.

**8.** No compensation will be paid except on application to and allowance by this court under 11 U.S.C. §§ 330 and 331, *Fed. R. Bankr. P.* 2016, and Local Rule 2016-1. The Debtor does not ask the court to fix the terms of compensation under 11 U.S.C. § 328(a), and the rate stated above remains subject to review for reasonableness under § 330 when compensation is sought.

**9.** Mr. Smith and his firm have received **no retainer** and **no payment of any kind**, from the Debtor or from any other source, for services rendered or to be rendered in connection with this case. Tiered Capital, Inc., the Debtor's sole shareholder, guarantees payment of the fees and expenses this court allows them, on the terms stated in paragraphs 15 and 16. No other party has agreed to pay them. They hold no claim against the Debtor for prepetition services, and they waive any such claim. The disclosure required by 11 U.S.C. § 329 and *Fed. R. Bankr. P.* 2016(b) is made on this page and is repeated in the statement filed under that rule.

**Mr. Smith is disinterested and holds no interest adverse to the estate.**

**10.** To the best of the Debtor's knowledge, and as the verified statement attached as Exhibit A sets out, Mr. Smith and his firm are *disinterested persons* within 11 U.S.C. § 101(14) and hold no interest adverse to the Debtor or to the estate in the matters on which they are to be employed. Neither Mr. Smith nor his firm is a creditor, an equity security holder or an insider of the Debtor; neither is or was a director, officer or employee of the Debtor; and neither holds any interest materially adverse to the estate or to any class of creditors or equity security holders.

**11.** The verified statement required by *Fed. R. Bankr. P.* 2014(a) is attached as Exhibit A and discloses the connections of Mr. Smith and his firm with the Debtor, its creditors, other parties in interest, their attorneys and accountants, the United States Trustee, and persons employed in the office of the United States Trustee.

**12.** The Debtor discloses that Mr. Smith's connections are not limited to this case. He represents the Debtor in a variety of state court matters, he removed actions involving the Debtor to this court, and he represents Tiered Capital, Inc., the Debtor's parent and sole shareholder. His verified statement describes those representations and states his undertaking not to represent Tiered Capital, Inc. in any matter adverse to this estate and to withdraw from one representation or the other if their interests conflict. The Debtor submits that the representations do not

make Mr. Smith the holder of an interest adverse to the estate within 11 U.S.C. § 327(a): the state court matters are the Debtor's own litigation, and the parent holds no claim against this estate other than the subordinated claim described in paragraph 15.

**13.** The Debtor discloses affirmatively, so that the court and the United States Trustee may weigh it, that Ross Johnston — the Debtor's Chief Restructuring Officer, whose employment is the subject of a separate application — is also the person the petitioning creditors proposed as chapter 7 trustee of this estate [Doc. 4], a motion the court denied when it entered the order for relief and converted the case [Doc. 8, ¶ 8]. Mr. Smith does not represent Mr. Johnston individually, represents no petitioning creditor, and takes no position in this application on that motion, which the Debtor has asked the court to deny as moot on conversion.

Mr. Smith also represents the Debtor’s affiliate, and the Debtor’s parent guarantees his allowed fees.

**14.** Mr. Smith also represents Canaveral Crossroads, LLC, the debtor in *In re Canaveral Crossroads, LLC*, No. 6:26-bk-05426-GER, and Canaveral Crossroads has applied to employ him [Canaveral Doc. 36]. Tiered Capital, Inc. owns both debtors, and they have moved for joint administration. The Debtor holds a claim against Canaveral Crossroads, scheduled here at $4,500,000.00 [Doc. 19 at 10] and in the Canaveral case at $4,400,000.00 [Canaveral Doc. 33 at 17]. Mr.

Smith will not represent either debtor in any dispute over the allowance, amount, setoff, compromise or plan treatment of that claim. If the claim is disputed, each debtor will apply to employ separate counsel for that matter. Representing a creditor does not by itself disqualify a professional. 11 U.S.C. § 327(c).

**15.** Tiered Capital, Inc. guarantees payment of the fees and expenses this court allows Mr. Smith and his firm, to the extent the estate does not pay them within thirty days after allowance [Ex. A-1, Ex. 1]. It pays only amounts this court has allowed. For as long as this case is pending, it relinquishes decision-making control over the conduct of the case and acts on the instructions of the Chief Restructuring Officer in any matter concerning it. It has no right to direct or regulate Mr. Smith's professional judgment, and it receives no privileged information of the Debtor except as the Debtor authorizes. Any claim it holds for what it pays is subordinated to every other claim against the estate, including every administrative expense. 11 U.S.C. § 510(a).

**16.** Because the guarantor keeps a subordinated right to be repaid, a payment under the guaranty could be characterized as credit extended to the estate. To the extent it is, the Debtor asks the court to authorize it under 11 U.S.C. §§ 105(a) and 364(b). The terms cost the estate nothing: the guarantor pays only fees the court allows, its claim stands behind every other claim, and it gives up control

of the case while the case is pending. The guaranty is disclosed here as 11 U.S.C. § 329 and *Fed. R. Bankr. P.* 2016(b) require.

**RELIEF REQUESTED.**

The Debtor asks the court to enter an order (i) authorizing the Debtor to employ Christopher L. Smith, Esquire, and Fromang & Smith, P.A. as its counsel under 11 U.S.C. § 327(a), effective as of September 8, 2026; (ii) providing that compensation and reimbursement be allowed only on application under 11 U.S.C. §§ 330 and 331; (iii) approving the guaranty of Tiered Capital, Inc. [Ex. A-1, Ex. 1], including its subordination, and, to the extent the guaranty involves credit extended to the estate, authorizing it under 11 U.S.C. §§ 105(a) and 364(b); and (iv) granting such other relief as is just.

Dated: September 29, 2026.

Respectfully submitted,

/s/ Christopher L. Smith
Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.
4767 New Broad Street
Orlando, Florida 32814
Telephone: (407) 999-9739
Email: chris@fromangsmith.com
Counsel for the Debtor in Possession

The undersigned authorized representative of the Debtor approves the filing of the foregoing and the employment it requests.

Ross Johnston
Chief Restructuring Officer and Authorized
Representative of the Debtor in Possession

## CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive electronic notice in this case, including the Office of the United States Trustee.

/s/ Christopher L. Smith
Christopher L. Smith, Esquire

# EXHIBIT A

## VERIFIED STATEMENT OF CHRISTOPHER L. SMITH

under *Fed. R. Bankr. P.* 2014(a) and 11 U.S.C. §§ 101(14), 327(a) and 329

Christopher L. Smith declares under penalty of perjury under 28 U.S.C. § 1746:

**1.** I am an attorney licensed to practice in the State of Florida, Florida Bar No. 367461, and I am admitted to practice before this court under Local Rule 2090-1. I am a shareholder of Fromang & Smith, P.A., 4767 New Broad Street, Orlando, Florida 32814. I make this statement from my own knowledge and from the conflicts search described below.

**2.** Fromang & Smith, P.A. maintains a database of the parties in every matter the firm has handled. I caused that database to be searched against the Debtor, its officers and directors, its equity holder, the petitioning creditors, the creditors listed on the Debtor's schedules and creditor matrix, the counterparties to the claims the Debtor holds, counsel of record in this case, the United States Trustee for Region 21, and the persons employed in that office. The disclosures below reflect the results of that search.

**3.** Neither I nor my firm is a creditor, an equity security holder or an insider of the Debtor. Neither I nor my firm is or was, within two years before the date of the filing of the petition, a director, officer or employee of the Debtor.

Neither I nor my firm holds an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. I and my firm are therefore disinterested persons within 11 U.S.C. § 101(14).

**4.** Neither I nor my firm holds or represents an interest adverse to the estate in the matters on which we are to be employed, within 11 U.S.C. § 327(a).

**5.** My connections with the Debtor are these. I represent the Debtor in this case; I signed its answer to the involuntary petition, filed August 20, 2026, and its motion to convert this case to chapter 11, filed August 27, 2026. I also represent the Debtor in a variety of state court matters, and I removed actions involving the Debtor to this court. I represent Tiered Capital, Inc., the Debtor's parent and sole shareholder. I do not represent Tiered Capital, Inc. in any matter adverse to this estate and will not do so while I represent the Debtor; if a matter arises in which the interests of the Debtor and Tiered Capital, Inc. conflict, I will disclose it promptly and withdraw from one representation or the other.

**6.** My connections with the Debtor's creditors, other parties in interest, and their attorneys and accountants are: NONE. My firm may in unrelated matters represent, or have represented, parties who are also creditors of this estate. Any

such representation is unrelated to this case, and I will supplement this statement promptly if a search discloses one.

**7.** I have no connection with the United States Trustee for Region 21 or with any person employed in that office, other than as counsel appearing in cases before this court.

**8.** Neither I nor my firm has received any retainer, deposit, advance or other payment, from the Debtor or from any other person or entity, for services rendered or to be rendered in connection with this case. No agreement exists under which any person other than the estate will compensate us. I hold no claim against the Debtor for services rendered before the petition date, and I waive any such claim.

**9.** I have not shared, and have not agreed to share, any compensation received or to be received in this case with any person, other than among the members and regular associates of my firm as 11 U.S.C. § 504(b)(1) permits.

**10.** The compensation I propose is an hourly rate of $500.00 for my own time, together with reimbursement of actual and necessary out-of-pocket expenses. Rates for other timekeepers who may work on this matter are: associates, $400.00 per hour; paralegals, $225.00 per hour. I understand that all compensation and reimbursement is subject to application to and allowance by this court under 11 U.S.C. §§ 330 and 331, and that no compensation may be paid otherwise.

**11.** I am aware that Ross Johnston, the Debtor's Chief Restructuring Officer, is also the person the petitioning creditors proposed as chapter 7 trustee of this estate, and that the court denied that motion on September 8, 2026 [Doc. 8, ¶ 8]. I do not represent Mr. Johnston individually, I represent no petitioning creditor, and I have no financial interest in the outcome of that motion.

**12.** If I learn of any additional connection or of any fact bearing on my disinterestedness, I will file a supplemental statement promptly.

Executed on September 15, 2026.

______________________________________

Christopher L. Smith, Esquire
Florida Bar No. 367461
Fromang & Smith, P.A.

# EXHIBIT A-1

Supplemental Verified Statement of Christopher L. Smith
Under Fed. R. Bankr. P. 2014(a)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No. 6:26-bk-05428-GER |
| SHERWOOD CONSTRUCTION, INC., | Chapter 11 |
| Debtor. | |

_______________________________________/

**SUPPLEMENTAL VERIFIED STATEMENT OF CHRISTOPHER L. SMITH UNDER FED. R. BANKR. P. 2014(a)**

1. I supplement the verified statement attached as Exhibit A to the application of Sherwood Construction, Inc. to employ me and my firm as its counsel. (Doc. 15). That statement disclosed that I represent Tiered Capital, Inc., the Debtor's parent. It did not disclose that I also represent the Debtor's affiliate, Canaveral Crossroads, LLC. I disclose that now. *Fed. R. Bankr. P. 2014(a)*.

2. I represent Canaveral Crossroads, LLC, the debtor in *In re Canaveral Crossroads, LLC*, No. 6:26-bk-05426-GER, a chapter 11 case pending in this court, and I have applied to be employed as its counsel. (Canaveral Doc. 36). Canaveral Crossroads is an affiliate of the Debtor. Tiered Capital, Inc. owns both. The two debtors have moved for joint administration of their cases.

3. The Debtor holds a claim against Canaveral Crossroads, scheduled in this case at $4,500,000.00 and in the Canaveral case at $4,400,000.00. (Doc. 19 at 10; Canaveral Doc. 33 at 17). The Debtor's plan funds distributions from what the estate collects on its claims, including this one. (Doc. 21). I will not represent

either debtor in any dispute over the allowance, amount, setoff, compromise, or plan treatment of that claim. If the claim is disputed, each debtor will apply to employ separate counsel for that matter, and I will disclose the dispute promptly to this court and to the United States Trustee.

4. Tiered Capital, Inc., the Debtor's sole shareholder, has guaranteed payment of the fees and expenses this court allows the firm in this case, to the extent the estate does not pay them. The guaranty is attached as Exhibit 1. Tiered Capital pays only amounts this court has allowed, and only after allowance. For as long as this case is pending, Tiered Capital relinquishes decision-making control over the conduct of the case and will act on the instructions of the chief restructuring officer in any matter concerning it, has no right to direct or regulate my professional judgment, and receives no privileged information of the Debtor except as the Debtor authorizes. Any claim Tiered Capital holds for what it pays is subordinated to every other claim against the estate. 11 U.S.C. § 510(a). Paragraph 9 of the application and paragraph 8 of my statement say that no person other than the estate has agreed to pay the firm. This paragraph corrects them. *11 U.S.C. § 329; Fed. R. Bankr. P. 2016(b)*.

5. Every other statement in my verified statement remains true, and I will supplement it promptly if anything in it changes.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 29, 2026.

/s/ Christopher L. Smith

Christopher L. Smith, Esq.

Florida Bar No. 367461

**EXHIBIT 1**

**FEE GUARANTY**

Effective September 28, 2026

Tiered Capital, Inc., a Florida corporation (the "Guarantor"), gives this guaranty to Fromang & Smith, P.A. ("Counsel").

Counsel represents Canaveral Crossroads, LLC, the debtor in Case No. 6:26-bk-05426-GER, and Sherwood Construction, Inc., the debtor in Case No. 6:26-bk-05428-GER, both pending in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), subject to the Court's approval of its employment. Each is a "Debtor." The Guarantor owns all of the equity of each Debtor. Neither estate may have cash to pay the fees the Court allows. The Guarantor gives this guaranty so that each Debtor has counsel.

1. **Guaranty.** The Guarantor guarantees payment of the fees and expenses the Court allows Counsel in either case under 11 U.S.C. §§ 330 and 331, to the extent the Debtor's estate does not pay them within thirty days after the order allowing them is entered.

2. **Allowed amounts only.** The Guarantor owes nothing on any amount the Court has not allowed. Counsel will not ask the Guarantor to pay any amount before the Court allows it, and will not accept payment of any amount the Court disallows. If an allowed amount is later reduced or disgorged, Counsel will refund the difference to the Guarantor.

3. **Subordination.** Any claim the Guarantor holds against either Debtor or either estate for an amount it pays under this guaranty, by subrogation, reimbursement, contribution, indemnity, or otherwise, is subordinated to every other claim against that estate, including every administrative expense and every general unsecured claim. The Guarantor will receive nothing on such a claim until every other claim against that estate is paid in full. This is a subordination agreement enforceable under 11 U.S.C. § 510(a).

4. **No decision-making control.** For as long as either case is pending, the Guarantor relinquishes decision-making control over the conduct of that case. The Debtor acts through its Chief Restructuring Officer, and the Guarantor will not direct the Debtor's positions in the case. Where the case calls for action by the Guarantor as owner or manager of the Debtor, the Guarantor will act on the instructions of the Debtor's Chief Restructuring Officer. Counsel's duties run to the Debtors alone. The Guarantor has no right to direct or regulate Counsel's professional judgment, and Counsel will not disclose either Debtor's confidential or privileged information to the Guarantor except as that Debtor authorizes. Fla. R. Prof. Conduct 4-1.8(f).

5. **Disclosure.** The Guarantor consents to disclosure of this guaranty to the Court, the United States Trustee, and every party in interest in either case.

6. **Term.** This guaranty continues until the Guarantor ends it by written notice to Counsel. A notice ends the guaranty only for services rendered after Counsel receives it. Counsel will file a notice of any termination in each case.

7. **Governing law.** Florida law governs this guaranty.

TIERED CAPITAL, INC., a Florida corporation

Horton S. Johnson
By: Horton S. Johnson, Sole Director
Date: Sept. 28, 2026

**ACCEPTED:**

FROMANG & SMITH, P.A.

By: Christopher L. Smith, Esq.
Date: 9/28/26, 2026

**CONSENT OF THE DEBTORS**

Each Debtor, having been informed of this guaranty and its terms, consents to the payment of Counsel's allowed fees and expenses by the Guarantor on these terms.

CANAVERAL CROSSROADS, LLC

By: Ross Johnston, Chief Restructuring Officer
Date: 9/28/26, 2026

SHERWOOD CONSTRUCTION, INC.

By: Ross Johnston, Chief Restructuring Officer
Date: 9/28/26, 2026